NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>TEWHAN BUTLER,<br><br>*Defendant.* | Crim. No.: 03-844 (KSH)<br><br><u>OPINION</u> |

## I. Background

This matter comes before the Court on the motions (D.E. 884, 936) of defendant Tewhan Butler to correct a purported clerical error in the Court's April 16, 2007 sentence and judgment. Because both motions seek the same relief—*i.e.*, to correct his sentence—the Court will decide them together.

## II. Motion to Correct Sentence

The Court has reviewed the relevant submissions (D.E. 780, 788, 884, 936). At sentencing, the Court stated that it *anticipated* that, *pursuant to or in accordance with Bureau of Prisons' regulations*, good time credits would be awarded on the federal sentence prior to adjustments downward. This statement is indicative of the Court's expectation but does not have the force of law.

Significantly, the relevant statute provides that "a prisoner who is serving a term of imprisonment . . . may receive credit toward the service of the prisoner's sentence, of up to 54 days for each year of the prisoner's sentence imposed by the court, subject to determination by the Bureau of Prisons that, during that year, the

prisoner has displayed exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). The BOP's regulations interpreting 18 U.S.C. § 3624(b) limit the calculation of good time to the sentence actually served in BOP custody. *See* U.S.S.G. § 5G1.3. The Court used the word "anticipate" during sentencing, whereas the other adjustments the Court made to the 360-month sentence involved credit for time already served, which were "intended" or "expected" in the Court's imposition of sentence. (*See* D.E. 780-2, 4/16/07 Tr. at 49:5-10.) Time already served—as opposed to a calculation based on the quality of time to be served—is contemplated in 18 U.S.C. § 3585 and was awarded when the federal sentence was adjusted to 306 months. (*See id.* at 48:15-49:4; *see also* D.E. 623, Judgment at 2.)

Finally, both counsel were heard on the good time credit issue, and the government placed on the record its understanding that the BOP could not and would not award good time credit on time not served in BOP custody. (*See* 4/16/07 Tr. at 11:15-12:6, 53:10-21.) Thus, while Butler seeks clarification of what he describes as an ambiguity, the transcript and judgment both reflect the limiting language that the Court *anticipated* that good time credits would be awarded but did not *order* them, which is consistent with the understanding that the BOP, and not the Court, makes the final call. There is no ambiguity, but instead the recognition at sentencing of the BOP's ultimate authority.

Given the lengthy remarks by the Court at the sentencing hearing in April 2007, the victim impact statement spoken in court by the deceased victim's mother,

and Butler's own remarks on the video he submitted, the focus at sentencing was on changes Butler intended to make in his life while incarcerated. Those efforts are exactly what good time to be credited against his federal sentence will reflect, and how fully he has earned good time is decided by the BOP, not the Court.

Finally, on this central issue of BOP authority, the Court draws Butler's attention to additional opportunities for sentence adjustments in new BOP regulations governing the application of early release credits for federal inmates under the First Step Act, which went into effect in January 2022. *See* 28 C.F.R. §§ 523, 541. These have direct bearing on actual sentences and constitute, as do good time credits, what his time in custody will turn out to be as calculated by the BOP pursuant to and in accordance with its regulations.

### III. Conclusion

For the foregoing reasons, Butler's motions (D.E. 884, 936) are denied. An appropriate order will issue.

Dated: February 22, 2022                        /s/ Katharine S. Hayden
                                                 Katharine S. Hayden, U.S.D.J.